# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KAMIL DAON SAVAGE, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:22-cv-00202 |
| v. | § | Judge Mazzant |
| | § | |
| DETROIT INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Fed. R. Civ. P. 12(b)(2) and Fed R. Civ. P. 12(b)(5) Motion to Dismiss (Dkt. #4). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED in part.**

### BACKGROUND

From August 2019 to March 2021, Plaintiff Kamil Daon Savage ("Savage") coached men's basketball at Detroit High School in Detroit, Texas. During his employment, Savage alleges that Defendant Detroit Independent School District ("DISD") subjected him to disparate treatment and a hostile work environment because he is African-American. This discriminatory conduct apparently manifested itself in various ways. On a broader level, Savage claims that DISD employees more intensely scrutinized him compared to his non-African-American colleagues, and the terms of his employment also differed from DISD's non-African-American employees. But Savage apparently experienced disparate treatment on specific occasions as well. For example, DISD prevented Savage from hosting planning periods or "open gym" practices, which was not the case for Savage's non-African-American peers (Dkt. #1 ¶¶ 13–14). In one instance, Savage was reprimanded for texting his team members past 9:00 p.m., but Savage's other colleagues did

not receive such a reprimand (Dkt. #1 ¶ 15). Savage also asserts that he was once falsely accused of making a student feel "uncomfortable" (Dkt. #1 ¶ 16). However, he maintains that his behavior was no different than other employees outside of his protected class (Dkt. #1 ¶ 16).

Ultimately, in the spring semester of 2021, Savage was informed that his contract would not be renewed with DISD because he was not certified as a teacher. Savage resigned in lieu of being terminated, and his position was filled by a white male who was not certified as a teacher. Thereafter, Savage filed a joint complaint of discrimination with the Texas Workforce Commission Civil Rights Division and the Equal Employment Opportunity Commission. He received his right to sue letter on December 15, 2021.

On March 14, 2022, Savage filed the current case in this Court, alleging claims for racial discrimination and retaliation under Title VII and the Texas Labor Code. He claims that DISD's various actions, including firing him, were undertaken either because of his race or because he reported instances of discriminatory conduct to DISD. To effectuate service of process, Savage's attorney sent DISD's superintendent a copy of the summons and of the complaint through certified mail, return receipt requested. *See* (Dkt. #4, Exhibits 1–2).

On June 13, 2022, DISD filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(2) and FED. R. CIV. P. 12(b)(5) (Dkt. #4). DISD argues that Savage's service of process was defective for a number of reasons, and accordingly, the Court should dismiss the case because (1) service of process was insufficient and (2) the Court lacks personal jurisdiction since Savage did not follow the procedural requirements for serving DISD. On July 11, 2022, Savage filed a response (Dkt. #14). On July 17, 2022, DISD filed a reply (Dkt. #15).

**LEGAL STANDARD**

I. Rule 12(b)(2) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that *in personam* jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)).

To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a *prima facie* case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists." *Id.* (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 161, 1067 (5th Cir. 1992)). However, if a court holds an evidentiary hearing, a plaintiff "must establish jurisdiction by a preponderance of the admissible evidence." *In re Chinese Manufactured Drywall Prods. Liab. Lit.*, 742 F.3d 576, 585 (5th Cir. 2014) (citing *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008)).

A court conducts a two-step inquiry when a defendant challenges personal jurisdiction. *Ham v. La Cinega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). First, absent a controlling federal

statute regarding service of process, the court must determine whether the forum state's long-arm statute confers personal jurisdiction over the defendant. *Id.* And second, the court establishes whether the exercise of jurisdiction is consistent with due process under the United States Constitution.

The Texas long-arm statute confers jurisdiction to the limits of due process under the Constitution. *Command-Aire Corp. v. Ont. Mech. Sales and Serv. Inc.*, 963 F.2d 90, 93 (5th Cir. 1992). Therefore, the sole inquiry that remains is whether personal jurisdiction offends or comports with federal constitutional guarantees. *Bullion*, 895 F.2d at 216. The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

## II.     Rule 12(b)(5) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). If the plaintiff fails to serve a defendant within 90 days of filing, Federal Rule 4(m) requires a court to dismiss a suit without prejudice. *See* FED. R. CIV. P. 4(m). "But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Id.*; *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the

rules usually does not suffice." *Gartin*, 289 F. App'x at 692 (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1999)). Even absent a showing of good cause, a court has the discretion to extend the deadline to serve process. *Dotson v. Tunica-Biloxi Gaming Comm'n*, 835 F. App'x 710, 713 (5th Cir. 2020) (citing *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)), *cert. denied*, 141 S. Ct. 2767 (2021).

## ANALYSIS

Although DISD moves to dismiss Savage's complaint under both Rule 12(b)(2) and Rule 12(b)(5), its arguments under both rules boil down to the same premise. DISD contends that a Rule 12(b)(5) dismissal is proper because Savage's method of service was insufficient. Similarly, DISD argues that the Court should dismiss the complaint under Rule 12(b)(2) because sufficient service of process is necessary in order for the Court to exercise personal jurisdiction.

Service of process and personal jurisdiction are closely intertwined because adequate service is a prerequisite to personal jurisdiction. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *see also Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). Thus, understandably, courts and parties often treat 12(b)(2) and 12(b)(5) motions interchangeably when they relate to service of process. *See, e.g.*, *Abram v. Fulton Cnty. Gov't*, 482 F. App'x 421, 422 n.2 (11th Cir. 2012) ("For clarity, we note that although Rule 12(b)(4) and (5) specifically speak of 'process,' the parties' briefing to this Court and pleadings filed in the District Court tend to link Rule 12(b)(4) and (5) with 'personal jurisdiction' . . . ."); *Williams v. Air-France-KLM, S.A.*, No. 3:14-CV-1244-B, 2014 WL 3626097, at *2 (N.D. Tex. July 23, 2014). But under the Federal Rules of Civil Procedure, Rule 12(b)(5) "is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2022). So,

the Court will begin its analysis there. *See Williams*, 2014 WL 3626097, at *2 (explaining that Rule 12(b)(5) is the appropriate legal standard when the defendant's arguments under Rule 12(b)(2) and Rule 12(b)(5) both "stem from alleged insufficient service of process").

I.   **Insufficient Service Under Rule 12(b)(5)**

DISD asserts that Savage's service of process runs afoul of Texas and federal law for various reasons. Therefore, the Court should dismiss this case under Rule 12(b)(5).

Rule 4 of the Federal Rules of Civil Procedure determines what constitutes valid service of process. Because DISD is a local government entity, Rule 4(j)(2) sets forth how it must be served. *See* FED. R. CIV. P. 4(j)(2). Under Rule 4(j)(2), plaintiffs can serve a local government entity by "delivering a copy of the summons and of the complaint to its chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." *See id.* Savage's service attempt did not comply with either method because his attorney tried to serve process on DISD by certified mail.

The "use of certified mail is not sufficient to constitute 'delivering' under Rule 4." *Gilliam v. Cnty. of Tarrant*, 94 F. App'x 230 (5th Cir. 2004) (per curiam) (citing *Peters v. United States,* 9 F.3d 344, 345 (5th Cir.1993)). As a result, Savage's method of service must comply with state law in order to be permissible under Rule 4(j)(2). Here, Texas law applies because that is the state where DISD is located. *See id.* While Texas law allows service by certified mail, it must be done by an authorized person under Texas Rule of Civil Procedure 103. *See* TEX. R. CIV. P. 106. Rule 103 specifically provides that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . ." *Id.* 103. But a party's attorney is someone "interested in the outcome of a suit," and thus cannot serve process in a case—even if the attorney sends the summons and complaint by certified mail. *See Coleman v. Sentinel Transp., LLC*, No. CIV.A. H-

6

09-1510, 2009 WL 3834438, at *3 (S.D. Tex. Nov. 16, 2009); *Kobos v. BeyondTrust, Inc.*, No. 3:20-CV-3488-K, 2021 WL 5629147, at *3 (N.D. Tex. Nov. 30, 2021); *McQuary v. Tarrant Cnty., Tex.*, No. 4:06-CV-622-Y, 2007 WL 9718202, at *3 (N.D. Tex. May 3, 2007); *Rogers v. Stover*, No. 06-05-00065-CV, 2006 WL 859305, at *2 (Tex. App.—Texarkana Apr. 5, 2006, no pet.). Accordingly, Savage's attorney was not allowed to serve DISD by certified mail under Texas law, and Savage's attempted service was defective.

Savage avers that his insufficient service is nevertheless proper because DISD has notice of the lawsuit. But this argument misses the mark. Actual notice does not excuse noncompliance with the procedural requirements for proper service. *See, e.g.*, *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995) ("Actual notice of the litigation does not satisfy the requirement of proper service of a summons under Rule 4 . . . .") (citation omitted). So, Savage's attempt is still flawed.

Nevertheless, the Court will not dismiss the case even though Savage improperly served DISD. While the 90-day deadline for serving process in this case has passed under Rule 4(m), the Court still has the discretion to extend the deadline to effectuate service, particularly if the defective service does not prejudice DISD. *See Dotson*, 835 F. App'x at 713 (citing *Thrasher*, 709 F.3d at 511); *see also Coleman*, 969 F. Supp. 2d at 744–45. Indeed, the "general rule is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.'" *Gregory v. U.S./U.S. Bankr. Court for Dist. of Colorado*, 942 F.2d 1498, 1500 (10th Cir. 1991) (quoting *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983)). There is zero indication that DISD is prejudiced by Savage's insufficient

service in this case, and Savage can easily cure any deficiencies.[1] Therefore, the Court construes DISD's motion as one to quash service rather than to dismiss, and it grants Savage leave of thirty (30) days from the date of this Order to complete service on DISD.

## II. The Court Does Not Address DISD's Personal Jurisdiction Motion

DISD also asks the Court to dismiss DISD's complaint because it lacks personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). As discussed previously, DISD's argument for lack of personal jurisdiction overlaps with its insufficient service of process arguments under Rule 12(b)(5). And the Court already determined that Savage's service was improper. "Accordingly, the Court need not address [DISD's] personal jurisdiction arguments because it has already concluded that [DISD] is not a party properly before the Court." *See Booe v. Alecto Healthcare Servs.*, No. 4:22-CV-00110, 2022 WL 4241728, at *2 (E.D. Tex. Sept. 14, 2022) (citing FED. R. CIV. P. 4).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Fed. R. Civ. P 12(b)(2) and Fed R. Civ. P. 12(b)(5) Motion to Dismiss (Dkt. #4) is hereby **GRANTED in part.**

It is further **ORDERED** that Savage's prior service of DISD is hereby **QUASHED.**

It is further **ORDERED** that Savage shall have thirty (30) days from the date of this Order to serve DISD with a summons and a copy of the complaint in accordance with Federal Rule of Civil Procedure 4.

**IT IS SO ORDERED.**

---

[1] Because the Court has already determined that Savage's first service attempt was improper, it does not address other arguments made in DISD's pending motion. However, the Court notes that Savage's first service attempt may have been flawed for other reasons besides what is discussed in this Order.

**SIGNED this 8th day of November, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE